IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADALBERTO REYES-RIVERA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 2:16-CV-1105 TS<br>Criminal Case No. 2:15-CR-182 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

Petitioner was charged in a Felony Information on April 7, 2015, with possession of methamphetamine with intent to distribute. Petitioner pleaded guilty on May 18, 2015. Petitioner was sentenced on August 4, 2015, and Judgment was entered on August 6, 2015. Petitioner mailed the instant Motion to the Court on October 24, 2016.

II.  DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Judgment was entered in this case on August 6, 2015. Petitioner did not file a direct appeal. Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired on August 20, 2015.[3] Petitioner did not submit his Motion until October 24, 2016, more than two months after his conviction became final. Petitioner makes no argument that his Motion is timely under the other provisions of § 2255(f). Therefore, the Court finds that it is untimely.

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances."[4] "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[5] Petitioner provides no argument or evidence that could lead the Court to conclude that equitable tolling is appropriate here. Petitioner does argue that he is not

---

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) (providing for fourteen-day appeal period in criminal cases).

[4] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[5] *Lawrence v. Florida*, 549 U.S. 327 (2007) (quotation marks omitted).

proficient in English or in the law. This is not sufficient to allow for equitable tolling.[6] Therefore, the Court will dismiss the Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-1105 TS) is DENIED and DISMISSED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-1105 TS forthwith.

DATED this 31st day of October, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[6] *See Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008).